The Honorable Benjamin H. Settle

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                   AT TACOMA

9  JACK BUTLER, ALEX HARPER, and            Case No. 3:25-cv-05445-BHS
   CASSAUNDRA MAXWELL, individually
10 and on behalf of all others similarly    **FIRST AMENDED CONSOLIDATED**
   situated,                                **COMPLAINT**
11
                Plaintiffs,                  <u>Demand for Jury Trial</u>
12        v.

13 WALMART INC., a Delaware
   Corporation, BEST BUY CO., INC., a
14 Minnesota corporation, BEST BUY
   STORES, L.P., a Virginia company, and
15 APPLE, INC., a California corporation;

16              Defendants.

17

18

19

20

21

22

23

24

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

## INTRODUCTION

1.      Plaintiffs Jack Butler, Alex Harper, and Cassaundra Maxwell ("Plaintiffs") on behalf of themselves, all others similarly situated, and the general public, by and through their undersigned counsel, hereby bring this action against Defendants Walmart, Inc. ("Walmart"), Best Buy Co., Inc. and Best Buy Stores, L.P. ("Best Buy), and Apple, Inc. ("Apple") (collectively "Defendants"), and upon information and belief and investigation of counsel, allege as follows:

2.      This is a consumer class action for violations of Washington's Telephone Buyers' Protection Act, Rev. Code Wash. §§ 19,130,010, *et seq.* ("TBPA"), and Washington's Consumer Protection Act, Rev. Code Wash. §§ 19.86.010, *et seq.* ("CPA").

3.      Defendants advertise, market, and sell iPhone brand cell phone products (the "Products" or "iPhones"). Apple is the manufacturer and distributor of the Products. The packaging for the Products omit certain disclosures that are required under Washington's TBPA, including, the person responsible for the repair of the equipment, Apple's standard repair charges, and the terms of the warranty for the Products. *See* Rev. Code Wash. § 19.130.020.

4.      Defendants' non-disclosures mislead consumers and are a *per se* violation of Washington's CPA. *See* Rev. Code Wash. § 19.130.060.

5.      Plaintiffs, who purchased iPhones in Washington, were deceived by Defendants' unlawful conduct and bring this action on their own behalf and on behalf of Washington consumers to remedy Defendants' unlawful acts.

## JURISDICTION AND VENUE

6.      On May 21, 2025, Defendant Walmart, Inc. removed this action from the Superior Court of Washington for the County of Pierce pursuant to 28 U.S.C. § 1446 and 28U.S.C. § 1453 (Dkt. No. 1). This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)

FIRST AMENDED CONSOLIDATED
COMPLAINT - 2
No. 3:25-cv-05445-BHS

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

1   because this is a class action in which: (1) there are over 100 members in the proposed class; (2)

2   members of the proposed class have a different citizenship from Defendants; and (3) the claims of

3   the proposed class members exceed $5,000,000 in the aggregate, exclusive of interest and costs.

4   　　　　7.　　This Court has personal jurisdiction over Defendants because Defendants conduct

5   and transact business in the State of Washington, contract to supply goods within the State of

6   Washington, and supply goods, including the Products, within the State of Washington.

7   Defendants, on their own and through their agents, are responsible for the distribution, marketing,

8   labeling, and sale of the Products in Washington, specifically in this District. The marketing of the

9   Products, including the decision of what to include and not include on the labels, emanates from

10  Defendants. Thus, Defendants have intentionally availed themselves of the markets within

11  Washington through their advertising, marketing, and sale of the Products to consumers in

12  Washington, including Plaintiffs. The Court also has specific jurisdiction over Defendants as they

13  have purposefully directed activities towards the forum state, Plaintiffs' claims arise out of those

14  activities, and it is reasonable for Defendants to defend this lawsuit because they have sold

15  deceptively advertised Products to Plaintiffs and members of the Class in Washington. By

16  distributing and selling the Products in Washington, Defendants have intentionally and expressly

17  aimed conduct at Washington which caused harm to Plaintiffs and the Class that Defendants know

18  is likely to be suffered by residents of Washington.

19  　　　　8.　　Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of

20  the events or omissions giving rise to Plaintiffs' claims occurred within this judicial district

21  because Plaintiffs purchased the Products within this judicial district.

22

23

24

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

## PARTIES

9.      Plaintiff Jack Butler is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington. Plaintiff is a resident of Pierce County, Washington and purchased an iPhone in Pierce County, Washington.

10.     Plaintiff Alex Harper is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington. Plaintiff Harper is a resident of Whatcom County, Washington and purchased an iPhone in Whatcom County, Washington.

11.     Plaintiff Cassaundra Maxwell is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington. Plaintiff Maxwell is a resident of Snohomish County, Washington and purchased an iPhone in Snohomish County, Washington.

12.     Defendant Walmart, Inc. is a Delaware Corporation that at all relevant times, was authorized to do business in the state of Washington and is doing business in the State of Washington. At all times during the class period, Defendant Walmart, Inc. was a seller of the Products. There are approximately 64 Walmart retail stores in Washington.

13.     Defendant Best Buy Co., Inc. is a Minnesota corporation with its principal place of business in Minnesota. At all relevant times, it was authorized to do business in the state of Washington and is doing business in the State of Washington. At all times during the class period, Defendant Best Buy Co., Inc. was a seller of the Products.

14.     Defendant Best Buy Stores, L.P. is a Virginia company with its principal place of business in Minnesota. At all relevant times, it was authorized to do business in the state of Washington and is doing business in the State of Washington. At all times during the class period, Defendant Best Buy Stores, L.P. was a seller of the Products.

FIRST AMENDED CONSOLIDATED
COMPLAINT - 4
No. 3:25-cv-05445-BHS

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

15.    Defendant Apple, Inc. is a California corporation that maintains its principal place of business in California. At all relevant times, it was authorized to do business in the state of Washington and is doing business in the State of Washington. At all times during the class period, Defendant Apple, Inc. was the manufacturer, distributor, marketer, and seller of the Products.

## FACTUAL ALLEGATIONS

### A.    The Telephone Buyers' Protection Act

16.    Enacted in 1984, Washington Senate Bill 4560 added a new chapter to Title 19 of the Revised Code of Washington, also known as the "Telephone Buyers' Protection Act," relating to presale disclosures about telecommunications equipment. The purpose of the statute is as follows:

> The legislature finds that the federal deregulation of the telephone industry provides telephone users with the opportunity to purchase and use telephone and other telecommunications equipment suited to their needs. The legislature finds that competitive markets function optimally when potential buyers have adequate information about the capabilities and reliability of the equipment offered for sale. The legislature further finds that disclosure of certain product information will benefit both buyers and sellers of telephone and other telecommunications equipment and is in the public interest.

Rev. Code Wash. § 19.130.1010.

17.    The TBPA requires sellers of telephone equipment to "clearly disclose prior to sale" certain information as follows:

> Any person offering for sale or selling new or reconditioned telephone handsets or keysets, private branch exchanges, or private automatic branch exchanges of not more than a twenty-station capacity, shall clearly disclose prior to sale by methods which may include posting of notice or printing on the equipment package the following:
>
>     (1) Whether the equipment uses pulse, tone, pulse-or-tone, or other signaling methods, and a general description of the services that can be accessed through the equipment;

FIRST AMENDED CONSOLIDATED
COMPLAINT - 5
No. 3:25-cv-05445-BHS

(2) Whether the equipment is registered with the federal communications commission under the applicable federal regulations;

(3) The person responsible for repair of the equipment;

(4) Standard repair charges, if any; and

(5) The terms of any written warranty offered with the equipment.

Rev. Code Wash. § 19.130.020.

18.     A violation of the TBPA is a per se violation of the CPA. *See* Rev. Code Wash. § 19.130.060 ("Violation of this chapter constitutes a violation of chapter 19.86 RCW, the consumer protection act.").

19.     The TBPA provides for presumed statutory damages as follows: "It shall be presumed that damages to the consumer are equal to the purchase price of any telephone equipment sold in violation of this chapter up to one hundred dollars. Additional damages must be proved." *See* Rev. Code Wash. § 19.130.060.

20.     Passage of the TBPA was sponsored by the Washington Public Interest Group ("WashPIRG"). Part of WashPIRG's testimony noted that "WashPIRG strongly advocates passing legislation mandating disclosure of information in the sale of telephone equipment and providing remedies to enforce its practice."[1]

21.     In his testimony before the House Committee on Energy and Utilities, Ceu Ratliffe, representing this same interest group stated:

> We would like to reemphasize the need for SSB 4560 as the cure for a growing consumer problem. WashPIRG hopes the committee will recommend this bill with the standard repair charge disclosure included and create an effective piece of consumer protection legislation.[2]

---

[1] *See* **Exhibit A** attached hereto.

[2] *See* **Exhibit B** attached hereto.

FIRST AMENDED CONSOLIDATED
COMPLAINT - 6
No. 3:25-cv-05445-BHS

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

1    22.    As Mr. Ratliffe noted in his testimony, "In many cases the cost of repair is not worth

2    the consumers' effort. It is almost the cost of the whole phone."[3]

3    **B.    Defendants Fail to Comply with the Telephone Buyers' Protection Act**

4    23.    The packaging for the Products does not disclose the following information that is

5    required under the TBPA: (1.) the person responsible for the repair of the equipment; (2.) standard

6    repair charges; and (3.) the terms of any written warranty offered with the equipment. Below is a

7    picture of the back of the packaging for an iPhone 14 Pro which is representative of all iPhone

8    packaging:



23    ——————————————
[3] *Id.*

24

FIRST AMENDED CONSOLIDATED
COMPLAINT - 7
No. 3:25-cv-05445-BHS

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

24.    A picture of the front of the packaging for the iPhone 14 Pro is shown below:



25.    Each of the iPhone models are substantially similar in that the packaging does not disclose information that is required under the TBPA.

26.    Defendants also do not post notice of the information required by the TBPA in retail stores prior to its sale of the Products to consumers.

FIRST AMENDED CONSOLIDATED
COMPLAINT - 8
No. 3:25-cv-05445-BHS

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

**C.**     **Apple Maintains Standard Repair Charges for the Products, but Defendants Fail to Disclose the Repair Charges Prior to Sale**

27.     Apple has standard repair charges for its iPhone products. These repair charges are available at: https://support.apple.com/iphone/repair. However, Apple fails to clearly disclose these standard repair charges on the packaging of the Products nor do Defendants clearly disclose the standard repair charges by the posting of a notice prior to sale of the Products in violation of the TBPA.

28.     As an example, the repair charge for a cracked screen on an iPhone 14 Pro is $329 without an AppleCare+ plan as shown below:



### Get an estimate

Make your selections below.

Service type
Cracked screen (front only)

Product or accessory
iPhone 14

Model
iPhone 14 Pro

Need help identifying your model? ›

**Get estimate**

**Your estimated cost**

We'll check your service coverage to determine the final service fee.

## $ 329

**Got an AppleCare+ plan?**

If available, use your applicable AppleCare+ plan benefits with this fee:

## $ 29

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

29.     As another example, the repair cost for a cracked screen and back glass damage on an iPhone 14 Pro is $599 without an AppleCare+ plan as shown below:



30.     Apple's failure to disclose its standard repair charges deceives consumers. As one article notes, the standard repair charges for a iPhone 16 "range from $99 for a battery replacement on the iPhone 16 to $749 for 'Other Damage' on the iPhone 16 Pro Max."[4] These repair costs are significant considering that retail price for an iPhone 16 is approximately $799.[5]

---

[4] *Here's How Much It Will Cost to Repair Your iPhone 16*, ICLARIFIED (Sept. 13, 2024), *available at* https://www.iclarified.com/94884/heres-how-much-it-will-cost-to-repair-your-iphone-16

[5] https://www.apple.com/iphone-16/?afid=p238%7Cs5Egpt12t-dc_mtid_20925d2q39172_pcrid_729420694454_pgrid_167776333592_pntwk_g_pchan__pexi d__ptid_kwd-2584029775_&cid=wwa-us-kwgo-iphone--slid---Core-iPhone16-TradeIn2025-

FIRST AMENDED CONSOLIDATED
COMPLAINT - 10
No. 3:25-cv-05445-BHS

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

**D.    Defendants Fail to Disclose the Terms of the Written Warranty Prior to Sale**

31.    Apple also has a one-year limited warranty for most iPhones. For example, the terms of Apple's warranty for newer iPhone models can be found at: https://www.apple.com/legal/warranty/products/ios-warranty-document-us.html.[6] Apple fails to clearly disclose the warranty on the packaging of the Products nor does it clearly disclose the warranty by posting of notice prior to sale of the Products in violation of TBPA.  However, Defendants fail to clearly disclose the warranty on the packaging of the Products nor do they clearly disclose the warranty by posting of notice prior to sale of the Products in violation of TBPA.

**E.    Plaintiffs' Purchases of the Products**

32.    Plaintiff Butler purchased a new iPhone 14 from a Walmart store in Pierce County, Washington in September of 2024. He paid approximately $400 for the new iPhone 14. When purchasing the iPhone 14, Plaintiff Butler was not provided with the person responsible for the repair of the iPhone 14, standard repair charges, and the terms of the warranty for the iPhone as required under RCW § 19.130.020. Plaintiff Butler would not have purchased the Product, or would have paid less for the Product, had Defendants clearly disclosed the standard repair charges for the Product and the warranty information for the Product in compliance with the TBPA. As a result, Plaintiff suffered injury in fact and ascertainable loss when he spent money to purchase the Product he would not have purchased, or would have paid less for, absent Defendants' omissions. Plaintiff Butler desires to purchase the Products again if Defendants disclosed standard repair charges and warranty information for the Products in compliance with the TBPA. However, as a result of Defendants' ongoing omissions, Plaintiff is unable to rely on the Products' advertising and labeling when deciding in the future whether to purchase the Products.

---

[6] A copy of the warranty is also attached hereto as **Exhibit C.**

FIRST AMENDED CONSOLIDATED
COMPLAINT - 11
No. 3:25-cv-05445-BHS

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

33.    Plaintiff Harper purchased an iPhone 16 Pro Max 256 GB from a Best Buy retail store in Whatcom County, Washington during the class period in approximately October of 2024. When purchasing the iPhone 16 Pro Max, Plaintiff Harper was not provided with the person responsible for the repair of the iPhone 16 Pro Max, standard repair charges, and the terms of the warranty for the iPhone as required under RCW § 19.130.020. Plaintiff  Harper would not have purchased the Product, or would have paid less for the Product, had Defendants clearly disclosed the standard repair charges for the Product and the warranty information for the Product in compliance with the TBPA. As a result, Plaintiff suffered injury in fact and ascertainable loss when he spent money to purchase the Product he would not have purchased, or would have paid less for, absent Defendants' omissions. Plaintiff Harper desires to purchase the Products again if Defendants disclosed standard repair charges and warranty information for the Products in compliance with the TBPA. However, as a result of Defendants' ongoing omissions, Plaintiff is unable to rely on the Products' advertising and labeling when deciding in the future whether to purchase the Products.

34.    Plaintiff Maxwell purchased an iPhone 14 from a Costco retail store in Snohomish County, Washington during the class period in approximately 2023. When purchasing the iPhone 14, Plaintiff Maxwell was not provided with the person responsible for the repair of the iPhone 14, standard repair charges, and the terms of the warranty for the iPhone as required under RCW § 19.130.020. Plaintiff Maxwell would not have purchased the Product, or would have paid less for the Product, had Defendants clearly disclosed the standard repair charges for the Product and the warranty information for the Product in compliance with the TBPA. As a result, Plaintiff suffered injury in fact and ascertainable loss when she spent money to purchase the Product he would not have purchased, or would have paid less for, absent Defendants' omissions. Plaintiff Maxwell

desires to purchase the Products again if Defendants disclosed standard repair charges and warranty information for the Products in compliance with the TBPA. However, as a result of Defendants' ongoing omissions, Plaintiff is unable to rely on the Products' advertising and labeling when deciding in the future whether to purchase the Products.

## CLASS ACTION ALLEGATIONS

35.     All Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following Class for their claims against Defendant Apple, Inc.:

### The iPhone Class

All persons who purchased the Products for personal use in Washington within the applicable statute of limitations until the date class notice is disseminated.

36.     Plaintiff Butler also seeks to represent the following subclass, pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), for his claim against Defendant Walmart, Inc.:

### The Walmart SubClass

All persons who purchased the Products from a Walmart store for personal use in Washington within the applicable statute of limitations until the date class notice is disseminated.

37.     Plaintiff Harper also seeks to represent the following subclass, pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), for his claim against Defendants Best Buy Co., Inc. and Best Buy Stores, L.P.:

### The Best Buy SubClass

All persons who purchased the Products from a Best Buy store for personal use in Washington within the applicable statute of limitations until the date class notice is disseminated.

FIRST AMENDED CONSOLIDATED
COMPLAINT - 13
No. 3:25-cv-05445-BHS

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

38.     Hereinafter, the iPhone Class, Walmart SubClass, and Best Buy SubClass will be collectively referred to as the "the Class."

39.     Excluded from the Class are: (i) Defendants and their officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; (iii) judicial officers and their immediate family members and associated court staff assigned to the case; (iv) individuals who received a full refund of the Products from Defendants.

40.     Plaintiffs reserve the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

41.     The Class is appropriate for certification because Plaintiffs can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

42.     Numerosity: Class Members are so numerous that joinder of all members is impracticable. Plaintiffs believe that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

43.     Commonality: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

   a.     Whether Defendants are responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

FIRST AMENDED CONSOLIDATED
COMPLAINT - 14
No. 3:25-cv-05445-BHS

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

b.    Whether Defendants' misconduct set forth in this Complaint demonstrates that Defendants engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

c.    Whether Defendants made omissions concerning the Products that were likely to deceive the public;

d.    Whether Plaintiffs and the Class are entitled to injunctive relief;

e.    Whether Plaintiffs and the Class are entitled to money damages and/or restitution under the same causes of action as the other Class Members.

44.    <u>Typicality</u>: Plaintiffs are members of the Class that Plaintiffs seeks to represent. Plaintiffs' claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Products. Plaintiffs are entitled to relief under the same causes of action as the other Class Members.

45.    <u>Adequacy</u>: Plaintiffs are adequate Class representatives because Plaintiffs' interests do not conflict with the interests of the Class Members Plaintiffs seek to represent; the consumer fraud claims are common to all other members of the Class, and Plaintiffs have a strong interest in vindicating the rights of the Class; Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intend to vigorously prosecute this action. Plaintiffs have no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiffs and proposed Class Counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiffs and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

46.     The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    a.    The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b.    The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

    c.    When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d.    This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e.    Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f.    This class action will assure uniformity of decisions among Class Members;

    g.    The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

    h.    Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action;

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

47.     Additionally or in the alternative, the Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

48.     Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendants from engaging in the acts described, and to require Defendants to provide full restitution to Plaintiffs and the Class members.

49.     Unless the Class is certified, Defendant will retain monies that were taken from Plaintiffs and Class members as a result of Defendants' wrongful conduct. Unless a classwide injunction is issued, Defendants will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

## FIRST CLAIM FOR RELIEF

### Violation of Telephone Buyers' Protection Act

### RCW §§ 19.130.010, *et seq.*

50.     Plaintiffs reallege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

51.     Plaintiffs bring this claim under the TBPA individually and on behalf of the Class against Defendants.

52.     At all times relevant hereto, Defendants were each a person "offering for sale or selling new or reconditioned telephone handsets or keysets, private branch exchanges, or private automatic branch exchanges" as set forth in Rev. Code Wash. § 19.130.020.

FIRST AMENDED CONSOLIDATED
COMPLAINT - 17
No. 3:25-cv-05445-BHS

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

53.     At all relevant times, the Products were "telephone handsets or keysets" as set forth in Rev. Code Wash. § 19.130.020.

54.     At all relevant times, the packaging of the products failed to clearly disclose the following information that is required under the TBPA: (1.) the person responsible for the repair of the equipment; (2.) standard repair charges; and (3.) the terms of any written warranty offered with the equipment. *See* RCW § 19.130.020.

55.     At all relevant times, Defendants failed to clearly disclose, by posting notice prior to sale, the following information that is required under the TBPA: (1.) the person responsible for the repair of the equipment; (2.) standard repair charges; and (3.) the terms of any written warranty offered with the equipment. *See* Rev. Code Wash. § 19.130.020.

56.     Because of Defendants' omissions, Plaintiffs and the class members suffered presumed damages that are equal to the purchase price of the products up to one hundred dollars. *See* Rev. Code Wash. § 19.130.060, *et seq.*

## SECOND CLAIM FOR RELIEF

### Violation of the Washington Consumer Protection Act

### RCW § 19.86.010, *et seq.*

57.     Plaintiffs reallege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

58.     The Washington Consumer Protection Act ("CPA") makes it unlawful to commit "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Rev. Code Wash.§ 19.86.020. The CPA provides a private right of action for "[a]ny person who is injured in his or her business or property" by violations of the Act. Rev. Code Wash. Ann. 19.86.090.

FIRST AMENDED CONSOLIDATED
COMPLAINT - 18
No. 3:25-cv-05445-BHS

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

59.    "Violation of [the TBPA] constitutes a violation of chapter 19.86 RCW, the consumer protection act." Rev. Code Wash. § 19.130.060, *et seq.* Because Defendants have violated the TBPA, they have also violated the CPA.

60.    In the course of the Defendants' business, they deceptively omitted information that is required by the TBPA, including: (1.) the person responsible for the repair of the equipment; (2.) standard repair charges; and (3.) the terms of any written warranty offered with the equipment. *See* Rev. Code Wash. § 19.130.020.

61.    Defendants' actions as set forth above occurred in the conduct of trade or commerce, and constitute unfair or deceptive trade practices under the CPA. Defendants' actions impact the public interest because Plaintiffs  were injured in exactly the same way as thousands of others who paid for the Products as a result of Defendants' generalized course of deception. Defendants' conduct has the capacity to, and has actually caused injury not only to Plaintiffs, but to thousands of others in Washington and around the country.

62.    Plaintiffs were deceived by Defendants' unfair and deceptive omission of material facts in deciding to purchase the Products from Defendants. Buyers, such as Plaintiffs, would have acted differently if they had known the standard repair charges and the terms of the warranty for the Products prior to sale as required by the TBPA. Plaintiffs  and members of the Class would have wanted to know, as would any reasonable person, the information required to be disclosed by the TBPA as this information would have changed their and any reasonable customer's decision to purchase the Products.

63.    Plaintiffs the Class were injured as a result of Defendants' conduct, and suffered ascertainable monetary loss.

64.    Plaintiffs seek an award of actual damages, treble damages, injunctive and

FIRST AMENDED CONSOLIDATED
COMPLAINT - 19
No. 3:25-cv-05445-BHS

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

1    declaratory relief, and attorney's fees and costs as permitted by the CPA. Rev. Code Wash. §
2    19.86.090. Plaintiffs also seek presumed damages that are equal to the purchase price of the
3    Products up to one hundred dollars. *See* Rev. Code Wash. § 19.130.060, *et seq.*

4        65.    Pursuant to Rev. Code Wash. § 19.86.095, Plaintiffs have served the Washington
5    Attorney General with a copy of the initial complaint in this action as Plaintiffs seek injunctive
6    relief.

**REQUEST FOR RELIEF**

8        Plaintiffs, individually, and on behalf of all others similarly situated, request for relief
9    pursuant to each claim set forth in this complaint, as follows:

10        a.    Declaring that this action is a proper class action, certifying the Class as requested
11    herein, designating Plaintiffs as the Class Representatives and appointing the undersigned counsel
12    as Class Counsel;

13        b.    Ordering restitution and disgorgement of all profits and unjust enrichment that
14    Defendants obtained from Plaintiffs and the Class members as a result of Defendants' unlawful,
15    unfair, and fraudulent business practices;

16        c.    Ordering injunctive relief as permitted by law or equity, including enjoining
17    Defendants from continuing the unlawful practices as set forth herein, and ordering Defendants to
18    engage in a corrective advertising campaign;

19        d.    Ordering actual damages;

20        e.    Ordering presumed statutory damages in the amount of one hundred dollars per
21    violation;

22        f.    Ordering Defendants to pay attorneys' fees and litigation costs to Plaintiffs and the
23    other members of the Class;

24

FIRST AMENDED CONSOLIDATED
COMPLAINT - 20
No. 3:25-cv-05445-BHS

**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel: (866) 276-7637

1        g.     Ordering Defendants to pay both pre- and post-judgment interest on any amounts

2    awarded; and

3        h.     Ordering such other and further relief as may be just and proper.

4    **JURY DEMAND**

5        Plaintiffs hereby demand a trial by jury of all claims in this Complaint so triable.

6

7                     Presented By:

8

9                     CROSNER LEGAL, PC
                 *Attorneys for Plaintiffs*

10                    By: */s/ Zachary M. Crosner*
                     Zachary M. Crosner (WSBA #61644)

11                        Craig W. Straub (*Pro Hac Vice* forthcoming)

12                        Michael T. Houchin (*Pro Hac Vice*
                     forthcoming)

13                        92 Lenora Street, Suite 179
                     Seattle, WA 98121

14                        Telephone: (866) 276-7637
                     Facsimile: (310) 510-6429

15                        Email: *zach@crosnerlegal.com*
                     *craig@crosnerlegal.com*

16                        *mhouchin@crosnerlegal.com*

17                    CROSNER LEGAL, PC
                 Craig W. Straub (*Pro Hac Vice* forthcoming)

18                    Michael T. Houchin (*Pro Hac Vice*
                 forthcoming)

19                    9440 Santa Monica Blvd, Ste 301
                 Beverly Hills, CA 90210

20                    Telephone: (866) 276-7637
                 Facsimile: (310) 510-6429

21                    Email: *craig@crosnerlegal.com*
                 *mhouchin@crosnerlegal.com*

22

23

24

FIRST AMENDED CONSOLIDATED
COMPLAINT - 21
No. 3:25-cv-05445-BHS